IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| ROBERT BRIDGEWATER | § | PLAINTIFF |
| | § | |
| v. | § | Civil No. 1:07CV1273-HSO-RHW |
| | § | |
| STATE FARM FIRE AND CASUALTY | § | |
| COMPANY, *et al.* | § | DEFENDANTS |

ORDER AND REASONS GRANTING DEFENDANT STATE FARM MUTUAL
AUTOMOBILE INSURANCE COMPANY'S MOTION TO DISMISS

BEFORE THE COURT is the Motion to Dismiss of Defendant State Farm

Mutual Automobile Insurance Company ["State Farm Mutual"], filed February 29,

2008 [2-1], in the above-captioned cause. Plaintiff filed a Memorandum in

Opposition [9-1] on March 17, 2008, and State Farm Mutual filed its Reply on

March 25, 2008 [12-1]. After consideration of the submissions and the relevant

legal authorities, the Court finds that State Farm Mutual's Motion [2-1] should be

granted.

I. DISCUSSION

Plaintiff names two "State Farm" entities as Defendants in his thirty-five

(35) page Complaint – State Farm Mutual and State Farm Fire and Casualty

Company ["State Farm Fire"]. *See* Compl., at ¶¶ 2-3. In Paragraph 4 of his

Complaint, Plaintiff asserts that "State Farm Fire and State Farm Mutual are

juridically linked by contract and by the fact that the companies operate so that it is

impossible to distinguish one company from another." Compl., at ¶ 4. Plaintiff

contends that "State Farm Fire and State Farm Mutual also at all times relevant

herein were each other's agents, alter egos and/or were co-conspirators in the unlawful actions described herein." Compl., at ¶ 4. Therefore, Plaintiff states that "both companies...will be referred to collectively as 'State Farm' herein." Compl., at ¶ 4. Plaintiff does so throughout the remainder of his Complaint. *See* Compl. *passim*.

The present Motion seeks dismissal of the State Farm Mutual entity on grounds that Plaintiff does not state a claim against it, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). According to the Motion, Plaintiff has failed "to allege *any facts* connecting State Farm Mutual with any of Plaintiff's purported causes of action, sounding in contract or tort." Mot., at p. 2 (emphasis in original). State Farm Mutual contends that Plaintiff cannot state a claim against it because it was not a party to Plaintiff's homeowner's insurance policy with State Farm Fire, it did not adjust Plaintiff's claims, and it did not make any representations to Plaintiff. *See* Mot., at p. 1. State Farm Mutual asserts that Plaintiff "fails to make a single specific allegation that links State Farm Mutual to his State Farm Fire insurance policy or his State Farm Fire-adjusted claim." *See* Mot., at p. 2 (*citing* Compl., ¶ 4).

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." The statement need only "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. ----, ----, 127 S.Ct. 1955, 1964 (2007) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not
> need detailed factual allegations...a plaintiff's obligation to provide the
> "grounds" of his "'entitle[ment] to relief" requires more than labels and
> conclusions, and a formulaic recitation of the elements of a cause of action
> will not do.... Factual allegations must be enough to raise a right to relief
> above the speculative level...on the assumption that all the allegations in
> the complaint are true (even if doubtful in fact)....

*Twombly*, 127 S.Ct. at 1964-65 (*quoting Papasan v. Allain*, 478 U.S. 265, 286
(1986)).

In this case, Plaintiff contends that he has asserted claims against
State Farm Mutual under both a veil-piercing or "mere instrumentality"
theory, as well as a direct-participant liability theory for purportedly
wrongful acts committed by State Farm Mutual. *See* Pl.'s Mem. in Opp'n, at
p. 2. The Court is of the opinion that Plaintiff fails to state a claim for relief
against State Farm Mutual under either theory.

The question of whether the use of corporate forms will be respected is
a matter of state substantive law. *See United States  v. Bestfoods*, 524 U.S.
51, 62-63 (1998). As in all diversity cases, the Court is bound by the forum
state's choice-of-law rules in order to determine which state's substantive law
will govern the determination of corporate veil piercing. *See Patin v.
Thoroughbred Power Boats Inc.*, 294 F.3d 640, 644 (5th Cir. 2002); *Jefferson
Pilot Broadcasting Co. v. Hilary & Hogan, Inc.*, 617 F.2d 133, 135 (5th Cir.
1980).

State Farm Mutual is organized and has its principal place of business
in Illinois. *See* Mem. in Supp. of Mot., at p. 8. While Plaintiff looks solely to

Mississippi law in support of his Response, State Farm Mutual notes that there may be a conflict of laws, since both Illinois and Mississippi have some connection to this litigation.  State Farm Mutual nevertheless contends that regardless of whether Mississippi or Illinois substantive law applies, the outcome is the same.  The Court agrees.

Under Illinois law, two requirements must be met in order to pierce the corporate veil.  First, there must be such unity of interest and ownership that the separate personalities of the corporation and the individual no longer exist.  *See People v. V & M Industries, Inc.,* 298 Ill. App. 3d 733, 739, 700 N.E.2d 746, 750-51 (Ill. App. 5th Dist. 1998) (internal citations omitted). Also, circumstances must exist such that adherence to the fiction of a separate corporate existence would sanction a fraud, promote injustice, or promote inequitable consequences.  *See id.*

Under Mississippi law, the general rule is that the corporate form will not be disregarded unless the party seeking to pierce the corporate veil can show:  1) some frustration of expectations regarding the party to whom he looked for performance; 2) the flagrant disregard of corporate formalities by the defendant corporation and its principals; and 3) a demonstration of fraud or other equivalent misfeasance on the part of the corporate shareholder. *See Rosson v. McFarland*, 962 So. 2d 1279, 1285 (Miss. 2007) (*quoting Gray v. Edgewater Landing, Inc.*, 541 So. 2d 1044, 1047 (Miss. 1989)); *Penn Nat. Gaming, Inc. v. Ratliff*, 954 So. 2d 427, 431-32 (Miss. 2007) (*citing Miles v.*

-4-

*Am. Tel. & Tel. Co.,* 703 F.2d 193, 195 (5th Cir. 1983)).  In tort cases, some

misfeasance other than the tort itself must also be shown.  *See Penn National*

*Gaming, Inc.*, 954 So. 2d at 432.

Plaintiff places great reliance on a Master Services Agreement ["MSA"]

between State Farm Mutual and State Farm Fire.  *See* MSA, attached as Ex.

"A" to Pl.'s Mem. in Opp'n.  Plaintiff maintains that the MSA establishes

State Farm Mutual's purported exercise of control over State Farm Fire, as

well as the purported direct role State Farm Mutual employees have played

in Plaintiff's injuries.  *See* Pl.'s Mem. in Opp'n *passim*.  The Court is of the

opinion that the existence and terms of the MSA demonstrate quite the

opposite.

Moreover, the Complaint contains no specific factual allegations of

actionable misconduct by State Farm Mutual or of disregard of corporate

formalities sufficient to state a claim under either a direct-participant

liability or a veil-piercing theory of recovery.  Plaintiff's Complaint therefore

cannot withstand a Rule 12(b)(6) challenge.  Nor has Plaintiff alleged facts

sufficient to support the existence of any contractual relationship with State

Farm Mutual.

Plaintiff cannot support alleged misconduct by a defendant not in

privity with him by naming both State Farm Defendants collectively in his

pleadings.  *See Perkins v. State Farm General Ins. Co.*, 2007 WL 4375208

(S.D. Miss. Dec. 12, 2007) (dismissing State Farm defendant entities, in a

factually similar case, against whom plaintiffs had not stated claims and with whom plaintiffs had no contractual relationship).  State Farm Fire has a contractual relationship with Plaintiff, owes contractual obligations to him, and has the legal responsibility to fairly evaluate his claims in good faith and respond appropriately.

State Farm Mutual will be dismissed from this cause of action pursuant to Rule 12.  This dismissal will be without prejudice to the right of Plaintiff to seek the Court's leave to file an amended complaint stating a valid cause of action against State Farm Mutual, if there are facts in his case later shown with particularity to support a claim against it.  It will not be acceptable for Plaintiff to treat "State Farm" collectively in any future pleadings, and with respect to the dismissed State Farm Defendant, in any future Complaint in this case, Plaintiff will be required to make allegations against State Farm Mutual with reasonable specificity.

## II.  <u>CONCLUSION</u>

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, for the reasons cited herein, the Motion to Dismiss of Defendant State Farm Mutual Automobile Insurance Company filed February 29, 2008 [2-1], should be and is hereby **GRANTED**.  All claims asserted against Defendant State Farm Mutual Automobile Insurance Company are hereby dismissed without prejudice.

**SO ORDERED AND ADJUDGED**, this the 10th day of April, 2008.

*s/ Halil Suleyman Ozerden*

HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE